| | |
|---|---|
| MOIZEZ M. MUNOZ, | Case No. 1:18-cv-01665-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | |
| UNDERWOOD, et al., | (ECF NO. 23) |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Moizez Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 14, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 23).

Plaintiff asks for appointment of counsel because he is indigent, because his imprisonment will greatly limit his ability to litigate, because a trial in this case will likely involve conflicting testimony, because he "is an E.O.P[.] in the mental health program, illiterate in aspects of court law proceedings, testing GPL of 4.0 in reading," because Plaintiff needs counsel to present his claims to the Court and to retain experts, because his poverty and illiteracy leave him unable to utilize the law libraries, and because there is no competent person trained in law at the law libraries to assist Plaintiff (which gives an opportunity to prison officials to work with gang

members to continually attempt to kill Plaintiff).[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. Plaintiff's current complaint (which was apparently drafted with the assistance of another inmate) adequately describes the claims Plaintiff is attempting to assert. Moreover, the Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

///
///
///
///
///

---

[1] The Court addressed this allegation in its prior order denying Plaintiff's motion for appointment of pro bono counsel (ECF No. 9). The Court notes that Plaintiff never filed a motion for a temporary restraining order or a preliminary injunction.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 18, 2019**            /s/ Eric P. Grooj
                                    UNITED STATES MAGISTRATE JUDGE