| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MOIZEZ M. MUNOZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNDERWOOD, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01665-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 32) |

Moizez Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 5, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 32).

Plaintiff asks for appointment of counsel because he is unable to afford counsel, because his imprisonment will greatly limit his ability to litigate, because the issues in this case are complex, because a trial in this case will likely involve conflicting testimony, because he "is an E.O.P[.] in the mental health program, illiterate in aspects of court law proceedings, testing GPL of 4.0 in reading," because Plaintiff needs counsel to present his claims to the Court and to retain experts, because his poverty and illiteracy leave him unable to utilize the law library, and because there is no competent person trained in law at the law library to assist Plaintiff (which gives an

opportunity to prison officials to work with gang members to continually attempt to kill Plaintiff).[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. Plaintiff's current complaint (which was apparently drafted with the assistance of another inmate) adequately describes the claims Plaintiff is asserting in this case. Moreover, the Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

///
///
///
///

---

[1] The Court addressed this allegation in its prior order denying Plaintiff's motion for appointment of pro bono counsel (ECF No. 9). The Court notes that Plaintiff never filed a motion for a temporary restraining order or a preliminary injunction.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**August 12, 2019**__            /s/ Erin P. Groj
                                          UNITED STATES MAGISTRATE JUDGE