UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOIZEZ M. MUNOZ,<br><br>        Plaintiff,<br><br>    v.<br><br>UNDERWOOD, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01665-DAD-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

Moizez Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 2, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Van Kamberian and Phillip Arthur telephonically appeared on behalf of Defendants.

During the Conference, and with the benefit of the scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this

///

action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

> 1. Defendants have forty-five days from the date of service of this order to produce witness statements and evidence gathered from investigation(s) into the incident(s) at issue in the complaint. At this time Defendants do not have to produce the incident report(s), photographs of Plaintiff,[4] internal reviews, or internal critiques. If any witness statements or evidence is withheld pursuant to the official information privilege, the withheld statements and evidence shall be submitted to the Court for *in camera* review pursuant to the procedures laid out in the Court's scheduling order.
>
> 2. Defendants have forty-five days from the date of service of this order to make the video of the incident that was discussed on the record at the Conference available to Plaintiff for review. If Defendants withhold the video pursuant to

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").

[4] At the Conference Plaintiff indicated that he already has copies of the incident report(s) and photographs.

the official information privilege, the video shall be submitted to the Court for *in camera* review pursuant to the procedures laid out in the Court's scheduling order.

3. Plaintiff has thirty days from the date he receives his property to serve Defendants with a copy of the inmate witness affidavit that Plaintiff described on the record at the Conference.

4. Within forty-five days from the date of service of this order, Defendants shall conduct a reasonable search for notes and/or accounts of an interview of Plaintiff conducted in February of 2018 by defendant Wadle or defendant Vieth. If any documents are discovered, Defendants shall provide those documents to Plaintiff or serve their objections to providing those documents to Plaintiff. Plaintiff may challenge any objections by filing a motion to compel.

5. Within sixty days from the date of service of this order, the parties shall meet and confer regarding whether a settlement conference would be productive. If after meeting and conferring the parties determine that a settlement conference would be productive, defense counsel shall contact either Courtroom Deputy Michelle Rooney (mrooney@caed.uscourts.gov) or Alternate Dispute Resolution Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule a settlement conference.

IT IS SO ORDERED.

Dated: __December 3, 2019__          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE