# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOIZEZ M. MUNOZ, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>UNDERWOOD, et al., <br><br>　　　　　Defendants. | Case No. 1:18-cv-01665-DAD-EPG (PC) <br><br> ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE <br><br> (ECF NO. 52) |

Moizez Munoz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 4, 2019, the Court issued a scheduling order in this action. (ECF No. 49). On December 12, 2019, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies. (ECF No. 50). On December 16, 2019, Defendants moved for a protective order "stay[ing] discovery in this matter, including discovery that has already been propounded, until the Court rules on Defendants' motion for summary judgment." (ECF No. 52, p. 1). For the reasons that follow, Defendant's motion for a protective order will be denied.

Defendants point out that if their motion for summary judgment is granted, Plaintiff's case will be dismissed. Without a protective order staying discovery, "Defendants could be required to respond to excessive discovery requests that will ultimately prove to be moot. Requiring Defendants to respond to discovery at this time would be unduly burdensome and

1

would constitute a waste of scarce administrative resources. None of the discovery already served appears to relate [to] the subject of whether Plaintiff exhausted his administrative remedies. Moreover, as to potential future discovery, these individual Defendants would not be able to respond to inmate appeal processing questions in any event." (Id. at 5).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…," by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

The Ninth Circuit has held that, when dealing with an exhaustion issue, "[i]f discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit." Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

The Court has considered the issues and determined it will not exercise its discretion to limit discovery in this case at this time, and Defendants' motion will be denied.

Defendants move for a protective order because responding to discovery "would be unduly burdensome and would constitute a waste of scarce administrative resources." (ECF No. 52, p. 5). Defendants are correct that there is some burden in having to respond to discovery requests, but nothing in Defendants' motion suggests that the burden is undue. Defendants are also correct that there is a risk that resources will be wasted if the case is not stayed, because the discovery requested may not be relevant if the case is dismissed for failure to exhaust.

However, the Court finds that this risk does not outweigh the potential prejudice to Plaintiff if this case is stayed. The Court held a scheduling conference in this case on December 2, 2019. (ECF Nos. 47). The Court heard brief argument regarding the exhaustion issue and discussed with the parties whether discovery should be stayed pending the outcome of the exhaustion issue. While Defendants had not yet formally moved for a protective order, the Court's reasoning for going forward with discovery on the merits of the case notwithstanding the exhaustion issue remains valid. In short, the issue of exhaustion of administrative remedies in this case is not a simple one and its resolution will take a substantial

amount of time.

Defendants' motion for summary judgment confirms this. Defendants' motion, with exhibits and attachments, is over 100 pages. The Court will have to review these filings, as well as Plaintiff's filings in response. An evidentiary hearing may be required. In any event, the Court will have to issue findings and recommendations to District Judge Dale A. Drozd. After the findings and recommendations are issued, the parties will have time to object, and Judge Drozd will conduct a *de novo* review.

Overall, this process will take a substantial amount of time, and not allowing discovery to be conducted during this time would likely be prejudicial to Plaintiff. It is also not so clear on the face of the motion that Defendants will prevail on their motion to warrant staying discovery at this time.

Accordingly, based on the foregoing, IT IS ORDERED that Defendants' motion for protective order is DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated: **December 18, 2019**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] If it appears highly likely that Defendants' will prevail on their motion, such as if findings and recommendations are issued to grant the motion, Defendants may renew their motion.

3